**Janice K. LACEY, et al., Plaintiffs,**

v.

**INDIANA STATE POLICE DEPARTMENT, Defendant.**

**No. IP 90–1733 C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Nov. 6, 1992.

---

Mary Jane Lapointe, Lowe Gray Steele and Hoffman, Indianapolis, IN, Larry P. Weinberg, Kirschner, Weinberg & Dempsey, Washington, DC, for plaintiffs.

David L. Steiner, Deputy Atty. Gen., Indianapolis, IN, for defendant.

## ENTRY

BARKER, District Judge.

This action arises under the Fair Labor Standards Act ("the Act" or "FLSA"), 29 U.S.C.A. §§ 201 *et seq.* (West 1965 & Supp. 1991). Plaintiffs are employed by the Indiana State Police Department (the "Defendant") as civilian Chemists, Maintenance Supervisors, and Motor Carrier Inspectors. The parties have presented the Court with cross motions for summary judgment on the issue whether the Chemists are salaried employees exempt from the Act's overtime provisions. For the reasons set forth below, the Plaintiffs' motion is granted, and the Defendant's motion is denied.

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Proc. 56(c). In passing on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or determine the truth of the matter, but it is instead to decide whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The burden rests squarely on the party moving for summary judgment to show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). A court, though, must enter summary judgment against the nonmoving party if, after adequate time for discovery, a nonmoving party "fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. As will be discussed *infra,* the parties have provided stipulations which show that there is no genuine issue for trial, and that summary judgment must be entered in the Plaintiffs' favor.

The FLSA regulates the payment of minimum wages, maximum hours, and overtime compensation for individuals who fall within the Act's definition of "employee", which applies to any person "employed by a State, political subdivision of a State, or an interstate governmental agency...." 29 U.S.C.A. § 203(e)(2)(C) (West 1978). Plaintiffs argue that they should be compensated for all hours they have worked in excess of forty (40) hours per week at a rate of one and one-half times their regular pay. They base their argument on 29 U.S.C. § 207(a), which provides:

§ 207. **Maximum hours**
(a) **Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions**

(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (Supp.1992). The Supreme Court has held that the provisions of the FLSA which govern payment of overtime compensation to employees apply to state and local governments. *See Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985).

Employees who are "employed in a bona fide executive, administrative, or professional capacity" are exempt from the Act's wage and hour provisions, however. 29 U.S.C.A. § 213(a)(1). To be eligible for this exemption, the employee, *inter alia,* must be paid "on a salary basis", *see* 29 C.F.R. §§ 541.1(f), 541.2(e), 541.3(e) (1991), which is defined in the following regulation:

§ 541.118 **Salary basis.**
(a) An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is *not subject to reduction* because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

*See* 29 C.F.R. § 541.118(a) (1991) (emphasis added).

■ The Chemists argue that they are not paid "on a salary basis", and thereby are entitled to overtime compensation under the FLSA. They offer three reasons why they are not salaried employees: (1) a State Police Regulation permits docking of pay of any civilian employee for absences from work of less than one day, (2) their pay is potentially subject to reduction for infractions of non-safety related regulations, and (3) they have received hourly compensation for work performed beyond their regularly scheduled shifts, in addition to other indicia of hourly status.

In response, the Defendant notes that it has never docked the pay of a Chemist for an absence of less than one day, and that the State Police Superintendents have "maintained a policy or practice which prohibits the docking of the plaintiffs' pay for absences of less than one day, even though the personnel rule has not been formally changed to reflect this policy." *Brief in Support of Response in Opposition to*

*Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Partial Summary Judgment,* at 10. The Defendant also argues that "nothing in 29 C.F.R. § 541.118(a) suggests that imposing suspensions of one or more days for violating disciplinary rules is inconsistent with salaried status." *Id.* at 24. Finally, the Defendant finds no inconsistency between its provision of hourly "bonus pay" to the Chemists, or any other of its methods of compensation, and exempt status under the FLSA.

▪ Although the Court has given full consideration to all of the arguments presented, its duty in this matter is not to pass judgment on the merits of each and every contention that the parties have amassed, but only to decide whether summary judgment should be entered at this time. Plaintiffs are entitled to summary judgment provided that, as a matter of law, the Defendant can not show that the Chemists are salaried employees exempt from the Act's provisions. *See, e.g., Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974) (noting that the burden of demonstrating that the employee's exempt status rests with the employer). The reasons demonstrating the Plaintiffs' nonexempt status need not be cumulative; a single reason is wholly sufficient if it breaks the chain of requirements that the Defendant must be able to establish at trial to show that the Chemists are exempt.

▪ Such a reason exists in this case. As already noted, one of the requirements for exempt status is that the employee be paid "on a salary basis". *See* 29 C.F.R. § 541.118(a). The Chemists can not be exempt employees under the Act, however, because they are subject to pay reductions for minor infractions, such as tardiness or being discourteous, *infra.* That this prevents the Chemists from being classified as salaried employees, and hence ineligible for exempt status, is clear from the applicable regulations. 29 C.F.R. § 541.118(a)(5) states:

> Penalties imposed in good faith for infractions of safety rules of major signifi-

cance will not affect the employee's salaried status. Safety rules of major significance include only those relating to the prevention of serious danger to the plant, or other employees, such as rules prohibiting smoking in explosive plants, oil refineries, and coal mines.

29 C.F.R. § 541.118(a)(5). Exemptions to the FLSA must be construed narrowly to advance Congress' goal of broad employment protection. *See Mitchell v. Lublin, McGaughy & Assoc.,* 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959); *Guthrie v. Lady Jane Collieries, Inc.,* 722 F.2d 1141, 1143 (3d Cir.1983). The Court consequently will not look beyond the plain meaning of the words in subsection (a)(5), because "[w]here there is an express exception, it comprises the only limitation on the operation of the statute and no other exceptions will be implied." Sutherland Statutory Construction, § 47.11 (1992); *Andrus v. Glover Construction Co.,* 446 U.S. 608, 616–17, 1C9 S.Ct. 1905, 1910–11, 64 L.Ed.2d 548 (1980).

▪ By its own terms, the exception outlined in 29 C.F.R. § 541.118(a)(5) is invoked only when penalties are imposed for "safety rules of major significance". Accordingly, penalties imposed for violations of rules other than "safety rules of major significance" are outside the scope of the exception and must affect the employee's salaried status under the Act. An employee who otherwise is compensated on "a salary basis" consequently loses that status if penalties are imposed for infractions not contemplated in 29 C.F.R. § 541.118(a)(5). This construction of subsection (a)(5) is not novel. For example, in *Service Employees International v. County of San Diego,* 784 F.Supp. 1503 (S.D.Cal.1992), the court explained:

> Given the exclusive nature of this regulation, subsection (a)(1)'s requirement which bars deductions for 'variations in the quality or quantity of work performed,' and the mandate that '[e]xemptions to FLSA are to be narrowly construed in order to further Congress' goal of providing broad federal employment protection,' *Abshire [v. County of Kern,*

908 F.2d 483, 485 (9th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 785, 112 L.Ed.2d 848 (1991)], penalties for reasons other than those safety rules explicitly provided for in the subsection (a)(5) must be indicative of hourly status. As the County's Civil Service Rules provide for a variety of causes of suspension, including many unrelated to those safety violation [sic] explicitly provided for in subsection (a)(5), the treatment of these employees is inconsistent with salaried status as defined in FLSA.

*Id.* at 1511; *see also Pautlitz v. Naperville,* 781 F.Supp. 1368, 1371–72 (N.D.Ill. 1992); *Rhinebarger v. Furnas,* No. 88–442–C, 1991 WL 441914 at *6 (S.D.Ind. Sept. 27, 1991). Indeed, no court has yet to reject the construction of subsection (a)(5) employed in *Service Employees.*

The parties have entered into the following stipulations:

(6) During all time periods relevant to this dispute, civilian chemists have been subject to 240 IAC 1–5–20, which lists types of offenses for which discipline can be imposed. This regulation states:

Offenses by employees against the authority of the department shall include, but shall not necessarily be limited to:

(4) Insubordination....

(7) Abuse of sick leave....

(8) Conduct unbecoming. Employees shall conduct themselves at all times, when on duty or otherwise readily identifiable by the general public as an employee, so as not to reflect unfavorably on the department.

Conduct unbecoming an employee shall mean:

(F) Discourtesy or insolence.

(G) Sleeping while on duty....

(H) Uncleanliness in person or dress....

(I) Tardiness....

*Joint Stipulations,* ¶ 6.

(10) During all time periods relevant to this dispute, civilian chemists have never been compensated at a time-and-one-half rate of compensation for hours worked in excess of 40 hours per week.

*Joint Stipulation,* ¶ 10.

■ Employees will not be exempt from the overtime requirements of the FLSA unless the employer establishes that its employees fit all of the exemption's requirements. *See Thomas v. County of Fairfax, Va.,* 758 F.Supp. 353, 359 (E.D.Va. 1991). As a matter of law, the Defendant can not make such a showing because 240 IAC 1–5–20 allows for reductions in compensation for infractions other than the safety rules provided for in 29 C.F.R. § 541.118(a)(5), thereby removing the Chemists from eligibility for salaried status and exemption from the FLSA as an employee employed in an executive, administrative or professional capacity.[1]

## CONCLUSION

Because the Plaintiffs are not paid "on a salary basis" as a matter of law, and thereby are ineligible for exemption from 29 U.S.C. § 207, the Plaintiffs' motion for summary judgment is granted, and the Defendant's motion for summary judgment is denied. The Court retains jurisdiction over this matter for a determination of the extent of damages, if any, owed to Plaintiffs under the Act.

It is so ORDERED.

---

1. Whether the Defendant has ever imposed penalties under 240 IAC 1–5–20 does not matter. 29 C.F.R. 541.118(a) only requires that the employee's compensation be *"subject to reduction* because of variations in the quality or quantity of work." (emphasis added). Given that subsection (a)(5) is one of the exceptions to section 541.118(a), rule infractions must be construed as an integral part of the employer's evaluation of the employee's "quality or quantity of work."